IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**ANDREW MILLER,**

      **Petitioner,**

v.                                        Case No. 2:21-cv-00478

**WARDEN,**
**Huttonsville Correctional Center,**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Petitioner's *pro se* Petition for a Writ of Habeas Corpus. (ECF No. 1). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the petition be **DISMISSED**, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1., and this action be removed from the docket of the Court.

**I.**    **Relevant History**

Petitioner Andrew Miller ("Miller") filed a petition seeking habeas relief under 28 U.S.C. § 2241 on August 27, 2021. (ECF No. 1). On August 31, 2021, the undersigned issued an Order directing Miller to accomplish two tasks: (1) complete and file a form petition for habeas relief under § 2254; and pay the filing fee of $5.00, or submit an Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 3). Miller was

1

given thirty days to comply with the Order and was advised that his failure to do so could result in a recommendation that the petition be dismissed. (ECF No. 3).

On September 16, 2021, Miller filed the form petition under § 2254, but failed to pay the filing fee or submit an Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 4). Accordingly, the undersigned issued a second Order on September 22, 2021 giving Miller another thirty days to pay the filing fee or submit the Application. (ECF No. 5). Miller was again advised that his failure to comply with the Order could result in a recommendation of dismissal. (*Id.*).

Miller provided a completed Application to Proceed Without Prepayment of Fees and Costs on October 21, 2021. (ECF No. 6). The undersigned reviewed the application and determined that Miller had sufficient funds to pay the $5.00 filing fee. Therefore, on November 16, 2021, the undersigned denied his petition and ordered him to pay the filing fee. (ECF No. 7). Miller was told that his failure to pay the fee would result in a recommendation of dismissal. (*Id.*).

Miller objected to the Order, arguing that the money in his inmate account, which totaled $10 with average monthly deposits of $100, was earmarked for video calls with his family and friends; therefore, he should not be compelled to pay the $5.00 filing fee. (ECF No. 8). On November 30, 2021, the presiding District Judge denied Miller's objection and instructed him to pay the filing fee on or before December 16, 2021. (ECF No. 9). As of today's date, Miller has failed to comply with the Court's Order.

Although not directly relevant to the filing fee in this case, the undersigned notes that Miller already has a habeas proceeding pending in this Court in which he challenges the same conviction that is the subject of this action. *See Miller v. Warden,* 2:20-cv-644 (S.D.W. Va. September 20, 2020), ECF Nos. 2, 10. Furthermore, in an amended petition

filed in that case on July 8, 2021, Miller asserts that he has a state appeal pending, as well as a state habeas petition in the Circuit Court of Kanawha County, West Virginia, again challenging the same conviction as the one addressed in this case. *Miller,* 2:20-cv-644, ECF No. 10 at 1-5. The Clerk of the Circuit Court of Kanawha County has verified that Miller filed a habeas petition on June 8, 2021, which remains pending. *Miller v. Warden,* Case No. 21-P-195.

## II. Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this Court's Local Rule of Civil Procedure 41.1, when it appears that a party has no interest in further prosecution of his civil action:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.

L.R. Civ. P. 41.1.

The appropriateness of a dismissal that is not voluntarily sought by a party "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court

should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors in turn, the undersigned concludes that dismissal is warranted. A review of the docket demonstrates that Petitioner received two court orders instructing him to pay the filing fee. Petitioner was advised that his failure to fulfill that obligation would likely result in dismissal of his petition. Notwithstanding these orders, Petitioner never paid the filing fee. Petitioner was given more than ample time to comply with the Order but failed to do so. These failures add up to a case history of Petitioner proceeding in a deliberately dilatory fashion. Petitioner's case has been pending on the court's docket for more than four months, and he has been given nearly as long to comply with the Court's directives; yet, Petitioner has not complied. Thus, Petitioner is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the respondent, although in this proceeding, the prejudice is admittedly minimal.

However, as Petitioner has wholly disregarded court orders, a sanction less severe than dismissal plainly will not be effective. *See Ballard,* 882 F.2d at 95-96. Moreover, the record indicates that Miller currently has multiple civil actions, and perhaps an appeal, pending in both this Court and West Virginia state courts attacking the same conviction

4

and sentence. Therefore, dismissal of this action is warranted.

Although a dismissal is warranted, the undersigned **FINDS** that dismissing the petition with prejudice would be an unnecessarily severe sanction; particularly, as there may be arguments or claims in this petition that have not been directly raised in the other habeas proceedings and could be added to those actions. Fed. R. Civ. P. 41(b) provides that a dismissal for failure to prosecute "operates as an adjudication on the merits" unless the dismissal order states otherwise. Given the current posture of Petitioner's cases, the undersigned concludes that a dismissal, without prejudice, would be most appropriate.

### III.  Proposal and Recommendation

For the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the petition be **DISMISSED**, without prejudice, and this matter be removed from the docket of the Court.

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the

Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner.

**DATED**: January 6, 2022

---
Cheryl A. Eifert
United States Magistrate Judge